IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| WILLIAM WASHINGTON, #257151,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>THE MCCORMICK CORRECTIONAL INSTITUTION; COLLIE L. RUSHTON, WARDEN; LT. C.E. PRATT AND SGT. A. WRIGHT,<br><br>　　　　　　Defendants. | Civil Action No. 0:07-26-GRA-BM<br><br>**REPORT AND RECOMMENDATION** |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on July 11, 2007. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on July 13, 2007, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed an "affidavit" in opposition to the motion for summary judgment on July 24,

1



2007. Defendants' motion is now before the Court for disposition.[1]

### **Background and Evidence**

Plaintiff alleges in his verified Complaint[2] that on August 23, 2006, while picking up trash on the "rec field", he was instructed by the Defendant Sergeant Wright that the Defendant Lieutenant Pratt had been told by the Defendant Warden Rushton that a piece of newspaper stuck on top of the razor wire fence needed to be removed because it was blocking the view of the security camera. Plaintiff attests that he attempted to knock the piece of newspaper off of the razor wire fence with a mop handle, and that when he was unsuccessful in this attempt Wright directed him to climb the fence and get the piece of newspaper. Plaintiff alleges that while attempting to pull the piece of newspaper off of the razor wire, he was "severely cut" numerous times, and "fell to the ground bleeding profusely."

Plaintiff alleges that Wright radioed medical that he was injured and needed medical attention, and that medical then had him transported by EMS to the Greenwood Hospital. Plaintiff alleges that he received approximately 18 stitches in his hand and wrist, and that ever since this injury he has had constant numbness in his hand and pain in his wrist. Plaintiff alleges that on September 5, 2006, the medical department at the McCormick Correctional Institution (where Plaintiff is housed) deducted approximately $12.00 from his Cooper account for this injury for

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



prescription medications, with $6.00 being credited back to his account on October 31, 2006. Plaintiff also alleges that in November 2006 he went to medical for complaints of numbness and pain, and was charged an additional $3.00. Plaintiff seeks seven million ($7,000,000.00) dollars for this injury and for pain and suffering. See generally, Verified Complaint.

In support of summary judgment in the case, the Defendant Pratt has submitted an affidavit wherein he attests that he is a lieutenant at MCI. Pratt attests that on August 23, 2006, he notified the Defendant Wright that the Warden had seen paper on the fence, and that later that morning he received a call from Wright advising him that the Plaintiff had slipped and cut his left wrist on the razor wire while attempting to remove the paper. Pratt attests that Plaintiff was sent to medical and transported to the hospital. A copy of the employee injury screening form is attached to Pratt's affidavit as Exhibit B, and a copy of the accident/incident report for this incident is attached to Pratt's affidavit as Exhibit C. See generally, Pratt Affidavit, with attached Exhibits.

The Defendant Wright has also submitted an affidavit, wherein he attests that he is a sergeant at MCI. Wright attests that Plaintiff's inmate job requires him to pick up trash on the grounds, and that on August 23, 2006 Plaintiff was cleaning the rec field when he [Wright] received a call stating that the Warden had seen paper on the fence. Wright attests that Plaintiff attempted to remove the paper with a pole or handle from a broom or mop, and then climbed onto the fence to remove the paper. Wright attests that Plaintiff lost his grip on the fence and slipped, causing him to be cut on his left wrist by the razor wire. Wright attests that Plaintiff was immediately sent to medical, and was thereafter transported to the hospital. A copy of the incident report with respect to this occurrence is attached to Wright's affidavit as Exhibit A. See generally, Wright Affidavit, with Attached Exhibit.

3



In his "affidavit" submitted in opposition to the motion for summary judgment, Plaintiff repeats the allegations of his Complaint with respect to how his injury occurred.

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P.  Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

First, to the extent Plaintiff is even attempting to assert a federal claim in this lawsuit, which is questionable, any such claim should be dismissed. Since Plaintiff makes no claim relating to the adequacy of his medical care, the only conceivable federal claim he could be asserting is that the Defendants were deliberately indifferent to an excessive risk of harm to him by having him retrieve the newspaper from the fence. See Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL 112833 (N.D.Ill. March 11, 1997) ["A defendant acts with deliberate indifference [ ] if he

4



or she 'knows of and disregards' an excessive risk to inmate health or safety.'"](quoting Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994). However, no evidence of any deliberate indifference has been presented in this case. Rather, it is readily apparent that Plaintiff cut his wrist when he slipped and caught his wrist on the razor wire.

Plaintiff himself identifies his claim as being a "personal injury claim", and there is no indication in any of the materials filed with the Court that a violation of a federal right or any claim of a constitutional magnitude occurred. See Gomez v. Toledo, 446 U.S. 635, 640 (1980) [in order to maintain a claim under § 1983, a plaintiff must show, in part, that a named Defendant deprived him or her of a federal right]. At most, the Defendants could be accused of negligently having instructed or allowed Plaintiff to retrieve the newspaper off the fence. Such conduct would not be sufficient to maintain a § 1983 claim, however, as negligence is not actionable under § 1983. Daniels v. Williams, 474 U.S. 327, 328-336 & n. 3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-348 (1986); Ruefly v. Landon, 825 F.2d 792, 793-794 (4th Cir. 1987). See also DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 200-203 (1989) [Section 1983 does not impose liability for violations of duties of care arising under state law.]; Daniels v. Williams, supra [Jailers may owe a special duty of care to those in their custody under state tort law,...but...we reject the contention that the Due Process Clause of the Fourteenth Amendment embraces such a tort law concept]; Baker v. McClellan, 443 U.S. 137, 146 (1976) [§ 1983 claim does not lie for violation of state law duty of care]; Paul v. Davis, 424 U.S. 693, 697 (1976).

Therefore, to the extent Plaintiff has intended to assert a federal constitutional claim in this case, it should be dismissed.

5



**II.**

As noted, Plaintiff has himself described his claim as being a personal injury claim. Such claims are cognizable under South Carolina law, and may be brought under the South Carolina Tort Claims Act. See S.C.Code Ann. § 15-78-10, et. seq.; Jinks v. Richland County, 585 S.E.2d 281, 283 (S.C. 2003); Washington v. Lexington County Jail, 523 S.E.2d 204, 206 (S.C.Ct.App. 1999).

Before proceeding with a lawsuit under the South Carolina Tort Claims Act, however, a claimant must first exhaust his or her administrative remedies under that Act. Further, by enacting this law and allowing individuals to pursue tort claims against state officials, the State of South Carolina specifically preserved its Eleventh Amendment immunity from suit in federal court. See S.C.Code Ann. § 15-78-20(e).   Instead, the Tort Claims Act establishes the South Carolina Court of Commons Pleas where the purported tort occurred as the sole court with jurisdiction over such state law claims against governmental entities or their employees. See S.C.Code Ann. § 15-78-100(b) ["Jurisdiction for any action brought under this chapter is in the circuit court and brought in the county in which the act or omission occurred"]. Finally, Defendants also argue that the South Carolina Workers Compensation Act provides full workers compensation benefits for inmates, and that the State Workers Compensation Act is therefore the exclusive remedy for Plaintiff's on the job injury, citing to S.C.Code Ann. § 42-1-540. See also Davis v. SC Department of Corrections, 345 S.E.2d 245 (S.C. 1986); Arnold v. South Carolina Department of Corrections, 843 F.Supp. 110, 112-113 (D.S.C. 1994).

In any event, under the applicable caselaw, when federal claims presented in a case are dismissed, any remaining state law claims should be dismissed, without prejudice, for resolution in state court under the general doctrine developed in United Mine Workers v. Gibbs, 383 U.S. 715



6

(1966). See In Re Conklin, 946 F.2d 306, 324 (4th Cir. 1991); Nicol v. Imagematrix, Inc., 767 F.Supp. 744, 746, 749 (E.D.Va. 1991); Mills v. Leath, 709 F.Supp. 671, 675-676 (D.S.C. 1988); Carnegie-Melon v. Cohill, 484 U.S. 343 (1988); Taylor v. Waters, 81 F.3d 429, 437 (4th Cir. 1996). Additionally, if summary judgment on this claim was to be denied, it would be much more appropriate for this claim to be tried by the state courts. See also Jinks v. Richland County, 538 U.S. 456 (2003) [State statute of limitations tolled for state claims in federal lawsuit dismissed without prejudice]. Therefore, Plaintiff's "personal injury"claim should be dismissed.

## Conclusion

Based on the foregoing, it is recommended that, to the extent Plaintiff has asserted a federal constitutional claim in this lawsuit, the Defendants' motion for summary judgment be **granted**, and that this claim be **dismissed.** Any remaining state law claim should then be **dismissed**, without prejudice, so that Plaintiff may pursue this claim in state court, if he so chooses.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

September 5, 2007

7



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

8

