UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| William Washington, #257151, ) | |
| ) | C/A No.: 0:07-26-GRA-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| The McCormick Correctional Institution; ) | |
| Collie L. Rushton, Warden; ) | |
| Lt. C.E. Pratt and Sgt. A. Wright, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the Court for review of the magistrate's Report and Recommendation filed on September 5, 3007 and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C.  Plaintiff filed this action on January 4, 2007, pursuant to 42 U.S.C. § 1983.  Defendants filed a motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, on July 11, 2007.  An order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), was issued by the magistrate on July 13, 2007.  Plaintiff filed a response in opposition to the motion for summary judgment on July 24, 2007.  The magistrate now recommends granting Defendants' Motion for Summary Judgment and dismissing the Complaint with prejudice.  The magistrate further recommends dismissing any remaining state law claim, without prejudice, so that the plaintiff may bring such claim in state court, if he so chooses.

1

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the

2

magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Plaintiff timely filed objections to the Report and Recommendation on September 19, 2007. Plaintiff raises several objections to the Report and Recommendation. The Court will attempt to address each objection to the extent the objection relates to a specific portion of the Report and Recommendation.

Plaintiff first objects to the magistrate's dismissal of his Complaint because he "was not told and did not understand what was required to oppose a defendant motion for summary judgment." Objection, p. 1. The plaintiff would like for the Court to appoint counsel for him now. *Id.* In an Order issued on January 30, 2007, Magistrate Judge Marchant denied Plaintiff's Motion to Appoint Counsel on the basis that Plaintiff did not show any "exceptional circumstances" as to why counsel should be appointed in his § 1983 action, as required by the Fourth Circuit in *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Order Denying Motion to Appoint Counsel, p. 1-2. Further, a *Roseboro* Order was issued on July 13, 2007, which adequately provided notice to the plaintiff of the requirements for responding to a motion for summary judgment. The Court finds that Plaintiff was well advised of the procedures and will not appoint counsel at this time. Thus, Plaintiff's objection is without merit.

Plaintiff next objects to the magistrate's conclusion that he has failed to assert a federal claim. Plaintiff argues that the defendants acted with deliberate indifference, in violation of the Eighth Amendment, when they ordered him to climb the fence and remove a piece of newspaper from the razor wire. Objections, p. 5. "Infliction of harm by prison authorities can constitute a claim under § 1983." *Wright*, 766 F.2d at 849. However, the Supreme Court stated that "only the unnecessary *and wanton* infliction of pain implicates the Eighth Amendment." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quotations and citation omitted). This Court agrees with the magistrate's conclusion that the facts of this case do not rise to the level of deliberate indifference, in violation of Plaintiff's constitutional rights. At best, the officer's order, directing Washington to climb the fence and retrieve the newspaper, amounted to negligence. However, acts of negligence have not been actionable in a § 1983 claim. *Id.* at 305. Further, state law provides Plaintiff with an adequate remedy. *See Wright*, 766 F.2d at 849 ("One available remedy is Workers' Compensation."); *see also Arnold v. South Carolina Dept. of Corrections*, 843 F. Supp. 110, 113 n.2 (D.S.C. 1994) ("[U]nlike an Eighth Amendment civil rights action, a negligence action would be barred by the exclusive remedy provision of the South Carolina Workers' Compensation Act." (citations omitted)). Therefore, the magistrate judge's grant of summary judgment in favor of the defendants was proper.

Plaintiff also argues that the South Carolina Workers' Compensation Act[1] does not apply to him because he does not receive any wages from the South Carolina Department of Corrections. Objections, p. 5. However, this objection is also without merit, because it is clear that this statute applies to inmates who are injured on the job. *See Arnold*, 843 F. Supp. at 113 n.2 ("[Plaintiff]'s remedy is to file for workers' compensation benefits, which would be available for the sort of work-related accident that caused [Plaintiff's] injury and which are expressly permitted for inmates in South Carolina correctional institutions." (citing *Davis v. South Carolina Department of Corrections*, 289 S.C. 123, 345 S.E.2d 245 (1986))). Therefore, this objection is also without merit.

Plaintiff next objects to the magistrate's conclusion that the Complaint fails to allege a claim for deliberate indifference with respect to the adequacy of medical care provided to him. Objections, p. 4. After reviewing all of the evidence, this Court finds that Plaintiff's allegations do not support a claim for deliberate indifference. After Plaintiff cut his wrist, he was immediately sent to medical and then transported to Self Memorial Hospital where he received eighteen stitches in his hand and wrist. *See* Complaint, p. 4; *see also* Pratt Aff. ¶ 3; Wright Aff. ¶ 6. There is simply no evidence which indicates that the defendants acted with deliberate indifference, with respect to the adequacy of medical treatment of Plaintiff's injuries. The magistrate judge was

---

[1] S.C. Code Ann. §§ 42-1-10, et seq. (1976 & Supp. 2006).

correct in concluding that Plaintiff failed to allege a violation of his constitutional rights.

After considering Plaintiff's objections and the record in this case, this Court finds that the magistrate's Report and Recommendation accurately summarizes this case and the applicable law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment be GRANTED and Plaintiff's Complaint be DISMISSED.

IT IS FURTHER ORDERED that any remaining state law claim be dismissed, without prejudice, to enable Plaintiff to proceed with this claim in state court, if he so chooses.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

October 16 , 2007
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.